United States Court of Appeals

For the Eighth Circuit

_____

No. 12-3007

_____

Rode Amabilia Hernandez Flores

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 30, 2013
Filed: May 14, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Rode Amabilia Hernandez Flores (Hernandez) petitions for review of an order of the Board of Immigration Appeals (BIA) denying her request for a remand. For the following reasons, we conclude that the BIA did not abuse its discretion in denying her request. See Clifton v. Holder, 598 F.3d 486, 490-91 (8th Cir. 2010) (standard of review). First, Hernandez did not submit an application for

the relief she wished to pursue.  See Waggoner v. Gonzales, 488 F.3d 632, 638-39 (5th Cir. 2007) (BIA did not abuse its discretion in denying request for remand because petitioner did not comply with 8 C.F.R. § 1003.2(c)(1) by submitting application for relief with remand request).  Second, to the extent her request was based on a claim of ineffective assistance of counsel, she failed to comply with the requirements of Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988) (to permit reopening based on ineffective assistance of counsel, petitioner must submit affidavit attesting to relevant facts; must inform counsel of allegations and allow response; and must state whether complaint has been filed with appropriate disciplinary authorities, and if not, why not).  See Habchy v. Gonzales, 471 F.3d 858, 863-64 (8th Cir. 2006) (no abuse of discretion in requiring substantial compliance with Lozada when it is necessary to serve overall purposes of Lozada, i.e., to discourage baseless allegations and to provide framework for determining merits of ineffective-assistance claim where such merits are not evident from record).  Finally, to the extent she was challenging the treatment of her asylum claim as derivative of her father's claim, we conclude that such consideration was proper under the circumstances.  See 8 U.S.C. § 1158(b)(3)(B) (unmarried alien, who was under 21 years of age when parent applied for asylum, shall continue to be classified as child for purposes of derivative asylum, if alien attained 21 years of age while parent's application was pending).

Accordingly, we deny the petition for review.  See 8th Cir. R. 47B.

_____